**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JACQUES S. JAIKARAN,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **3:05-CV-1124-B** |
| ) | |
| **DANIEL A. BOUDREAU,** ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Before the court is a notice of removal filed by Daniel A. Boudreau, from Mesquite, Texas, purporting to remove "cases from the 9th Judicial District Court of Montgomery County, Texas, due to excessive denial of due process of law by court and fraud on part of defendant in excess of $1,400,000.00." (Notice of Removal at 1). Boudreau seeks leave to proceed *in forma pauperis*.

The procedures for removing a state civil action to federal court are set out in 28 U.S.C. § 1446. See Enterprise v. Ivy, et al., 3:04cv2355-P (N.D. Tex. Dec. 8, 2004) (summarizing procedure for removing a state civil action). Pursuant to § 1446(a), defendants desiring to remove a civil action from state court must file a signed notice of removal that contains a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings,

and orders served upon such defendant or defendants in such action." Furthermore, § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which the such action or proceeding is based."

Local Rule 81.1 sets forth the required form for documents to be filed upon removal. Such rule requires, among other things, that defendants attach the following items to the notice of removal:

> A.   an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;
> B.   a copy of the docket sheet in the state court action;
> C.   each document filed in the state court action, except discovery material, individually tabbed and arranged in chronological order according to the state court file date, and
> D.   a separately signed certificate of interested persons that complies with LR 3.1(f).

In this case, Defendant has wholly failed to comply with 28 U.S.C. § 1446(a) and (b), and Local Rule 81.1. As a matter of fact he has not even identified the state civil cause number(s) that he is seeking to remove. Without a copy of the state court petition(s) filed by Plaintiff Jacques S. Jaikara, the court cannot determine the jurisdictional basis for the notice of removal.[1]

While a district court cannot remand a case *sua sponte* for procedural deficiencies, it can do so upon a finding of lack of jurisdiction. In re Allstate Insurance Company, 8 F.3d 219, 221-224 (5th Cir. 1993); see also Schexnayder v. Energy Louisiana Inc., 394 F.3d 280, 284 (5th Cir. 2004); Enterprise Properties v. Ivy, et al, 2005 WL 550281, No. 3:04cv2726-R (N.D. Tex., Mar. 8, 2005), see also 28 U.S.C. § 1447(c).

---

[1] The court further notes that the notice of removal should have been filed, if at all, in the Houston Division of the Southern District of Texas, "the district court . . . for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a)

In this case it is impossible to determine whether this action would satisfy the requirements for federal or diversity jurisdiction.  The removing party bears the burden of establishing the existence of federal jurisdiction.  DeAguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  Here, the removing party has simply failed to meet his burden.  Accordingly, the District Court should remand this case *sua sponte* due to Defendant's failure to establish the existence of federal jurisdiction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court remand this case *sua sponte* to the Ninth District Court of Montgomery County, Texas, 301 North Main Street, Suite 110, Conroe, Texas 77301.

It is further recommended that Defendant's motion to proceed *in forma pauperis*, filed on June 1, 2005, be denied as moot.

The Clerk will mail a copy of this recommendation to Defendant Daniel A. Boudreau.

Signed this 10th day of June, 2005.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.